IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>TYRONE FAIR,           (03)<br><br>    Defendant. | CR. NO. 11-00479 JMS (03)<br><br>ORDER DENYING DEFENDANT'S RENEWED EMERGENCY MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A), ECF NO. 311 |

**ORDER DENYING DEFENDANT'S RENEWED EMERGENCY MOTION FOR A REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A), ECF NO. 311**

## I. INTRODUCTION

Defendant Tyrone Fair's ("Defendant") prior motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), was denied on July 30, 2020, based on Defendant's failure to exhaust his administrative remedies. *See* ECF No. 303.  Defendant has now exhausted his administrative remedies, and filed a renewed Motion for Compassionate Release from Federal Correctional Institution ("FCI") Herlong due to the COVID-19 pandemic and based on the Bureau of Prisons' ("BOP") mishandling of his request for home confinement. ECF No. 311.  The court decides the motion without a hearing under Local Rule 7.1(c).  Based on the following, the motion is DENIED.

1

## II. **BACKGROUND**

Defendant, currently 46 years old, is due to be released from custody on July 7, 2023. *See* https://www.bop.gov/inmateloc/ (last visited August 26, 2020).

On October 17, 2012, Defendant was found guilty by a jury of two counts: (1) conspiracy to distribute, and possess with intent to distribute, fifty grams or more of methamphetamine; and (2) possession with intent to distribute fifty grams or more of methamphetamine. ECF No. 163. On February 11, 2013, Defendant was sentenced to concurrent terms of 176 months of incarceration and concurrent terms of five years of supervised release. ECF No. 187. On February 26, 2015, the Ninth Circuit affirmed Defendant's conviction and sentence in a memorandum disposition. ECF No. 249. Pursuant to United States Sentencing Guidelines Amendment 782 and 18 U.S.C. § 3582(c)(2), on June 29, 2015, Defendant's sentence was reduced from 176 months to 151 months (again, concurrent as to each count). ECF No. 254.

Defendant's August 11, 2020 renewed motion for compassionate release seeks a modification of his sentence to "time served" and asks that he be placed on supervised release. ECF No. 311-1 at PageID #2755. On August 12, 2020, Defendant filed a Supplemental Appendix to his renewed motion for compassionate release. ECF No. 313. And on August 24, 2020, the United

States filed its response. ECF No. 314. The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

Defendant alleges (and the United States does not challenge) that the BOP, on three different occasions, informed Defendant that he would be released on home confinement. After months of waiting and being placed in quarantine, BOP ultimately decided to deny home confinement, apparently with no reason provided. ECF Nos. 311-1 at PageID #2737-38, 311-3, 311-5, 311-6 & 311-7. Defendant describes his "heartbreakingly absurd peregrination through [BOP's] Kafkaesque home confinement process." ECF No. 311-1 at PageID # 2737.

In his renewed motion for compassionate release, Defendant states that, "other than his race, he presents no apparent CDC-recognized risk factors for COVID-19. *Id*. at PageID #2739 (footnote omitted). But later, in his supplement, Defendant attaches an email from FCI Herlong's medical staff stating that "[d]ue to inflammatory complications of COVID-19 resulting in blood clotting and vascular damage, it is reasonable to suggest that you could be at significant risk of complications in your right lower extremity if you were to contract the COVID-19 virus." ECF No. 313-1.

///

///

///

## III. DISCUSSION

### A.  Legal Standard

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[1] which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with applicable Sentencing Commission's policy

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

statements.  Here, Defendant claims, and the United States agrees, that Defendant has fully exhausted his administrative remedies.  *See* ECF Nos. 311-4 and 314 at PageID #2815.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's terminal medical condition, deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion to the BOP Director to determine whether other extraordinary and compelling reasons exist.  *See* Guideline § 1B1.13 n.1(A)-(D).  In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by [Guideline § 1B1.13 n.1(D)] to the BOP Director applies equally to the court when ruling on motions for

compassionate release." *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020). The court incorporates that analysis here.

## B.     Extraordinary and Compelling Reasons Do Not Warrant Release

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020). Here, Defendant raises three primary arguments in support of his motion: (1) the BOP's conduct (described, perhaps correctly, by Defendant as "cruel" and "callous") in handling his request for home detention; 2) his potential risk from complications to his lower right leg if he contracts COVID-19; and 3) the general nature of the COVID-19 outbreak in BOP facilities.[2] The court addresses each of these arguments.

## C.     Defendant Does Not Meet the Criteria for Compassionate Release

Defendant argues that the court has broad discretion under § 1B.13's catch-all provision. The court agrees. But the court finds that, even with that discretion, compassionate release is not appropriate in this case.

---

[2] Defendant also points out that he has no prior convictions, arrests, or pending charges, and that he is at low risk of recidivism. ECF No. 311-1 at PageID #2746-47. He also makes a generalized argument in support of thinning the prison population during the pandemic. *Id*. at 2749.

Although the court is certainly understanding of the BOP's apparent unexplained approval and then rejection (three times) for Defendant to be released to home confinement, the court does not find that this conduct rises to the level of extraordinary and compelling reasons that warrant compassionate release. It is unfortunate, and perhaps reckless, but the court does not find that it equates to the sort of conduct that gives rise to granting compassionate release.

As to his medical condition, it appears that Defendant suffers from vascular insufficiency, wears a prosthetic, and could be at significant risk of complications to his lower right leg should he contract COVID-19. But, at the present time, FCI Herlong has only 2 inmates and no staff members with "confirmed active cases." *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited August 26, 2020).[3] In total, 129 inmates have been tested for COVID-19 at FCI Herlong. These numbers suggest that COVID-19 has been kept under control at FCI Herlong, more so than at many other BOP facilities.

Defendant also appears to contend that the COVID-19 pandemic alone constitutes an extraordinary and compelling reason for release. The court disagrees. *See, e.g.*, *Drummondo-Farias*, __F. Supp. 3d at __, 2020 WL 2616119,

---

[3] FCI Herlong presently houses 919 inmates, 861 at the FCI and 58 at an adjacent camp. *See* https://www.bop.gov/locations/institutions/her/ (last visited August 26, 2020). Defendant is housed at the Camp. *See* ECF No. 311-1 at PageID #2750.

at *5 ("Additionally, '[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]'") (quoting *United State Everhart*, __F. Supp. 3d__, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)). As noted above, the COVID-19 virus is relatively contained at FCI Herlong, with only 2 inmates currently positive for COVID-19. And although Defendant may be at some increased risk should be contract COVID-19, he has failed to demonstrate extraordinary and compelling reasons that warrant compassionate release.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 311, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 26, 2020.



　　　　　　　　　　　　　　　　 /s/ J. Michael Seabright
　　　　　　　　　　　　　　　　J. Michael Seabright
　　　　　　　　　　　　　　　　Chief United States District Judge

*United States v. Fair*, Crim. No. 11-00479 JMS (03), Order Denying Defendant's Renewed Emergency Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 311